UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R.V.M. Associates, Inc.,

       Plaintiff,

v.

       Case No. 2:22-cv-13065
       District Judge Matthew F. Leitman
       Magistrate Judge Anthony P. Patti

METAL-MATIC, L.L.C. and
METAL-MATIC, INC.,

       Defendants.

_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION (ECF No. 52) TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 47)</u>**

In this lawsuit, R.V.M. Associates, Inc. ("Plaintiff") sues Metal-Matic, L.L.C. and Metal-Matic, Inc. ("Defendants"), with causes of action based on breach of contract, violation of the Michigan Sales Representative Act (Mich. Comp. Laws § 600.2961), unjust enrichment, and promissory estoppel. (ECF No. 1, ¶¶ 21-54.)

    **A.**    **Defendants' Fed. R. Civ. P. 30(b)(6) Witnesses**

In October 2023, Plaintiff noticed a Rule 30(b)(6) deposition, for which there were ten enumerated topics. (ECF Nos. 23-16, 46-10.) Plaintiff deposed Defendants' first Rule 30(b)(6) witness, Thomas Jackson, on October 17, 2023. (ECF Nos. 23-13, 27-7, 33-4, 47-4, 48-4.) On November 14, 2023, Plaintiff filed a motion, which, in part, sought to compel the 30(b)(6) deposition of Metal-Matic.

1

(ECF No. 23.) The Court's December 20, 2023 order granted Plaintiff's motion to the extent it sought a Rule 30(b)(6) deposition, noted that Jackson testified inadequately as to Topic 1, and further ordered, *inter alia*, that Vince Fera "**MUST** be prepared to testify on Topics 1 and 8, consistent with obligations under Fed. R. Civ. P. 30(b)(6), even if he has to pick up the phone and call someone in preparation, e.g., Jim Craig, Manish Bhatt, etc., or otherwise investigate." (ECF No. 36, PageID.1769-1770 (emphasis in original).)

Plaintiff noticed another Rule 30(b)(6) deposition, this time with just two enumerated topics – "[t]he sales representative relationship between R.V.M. and Metal-Matic[,]" and "[e]ach of Metal-Matic's Affirmative Defenses." (ECF No. 46-14.) Plaintiff deposed Defendants' second Rule 30(b)(6) witness, Vince Fera, on January 26, 2024. (ECF No. 46-4.) During that deposition – with reference to the December 2023 order (*see* ECF No. 36) and the April 22, 2024 status conference (*see* ECF No. 61, PageID.2833) – Plaintiff's counsel registered the following objection:

> Both Judge Leitman on page 6 at length and Judge Patti made it very clear as to what investigation was required in order to prepare for today's deposition, and it is absolutely my position that it wasn't done, and we'll have to resolve that with the court.

(ECF No. 46-4, PageID.2030 [p. 144].)

2

### B. Pending Dispositive Motions

Among the motions currently pending before the Court are Plaintiff's February 19, 2024 motion for summary judgment (ECF No. 46), and Defendants' same-day motion for summary judgment (ECF No. 47). For purposes of the matter at bar, it is notable that Defendants *do not* attach Fera's January 2024 deposition transcript. Instead, Defendants attachments include Jackson's October 17, 2023 deposition (ECF No. 47-4), as well as the February 2024 declarations from Thomas A. Jackson (ECF No. 47-2), James D. Craig (ECF No. 47-6), and Gerard M. Jones (ECF No. 47-7).

The briefing schedule for these cross-motions was enlarged and extended, pending a ruling on the instant motion. (ECF No. 50; ECF No. 61, PageID.2839-2840.) At this point, the parties appear to be challenging each other's summary judgment motions by different means.[1]

### C. Instant Motion

Currently before the Court is Plaintiff's March 12, 2024 motion (ECF No. 52) to strike Defendants' motion for summary judgment (ECF No. 47). Judge Leitman has referred to me the motion to strike for hearing and determination.

---

[1] For example, Defendants have filed a motion to exclude testimony and opinions of Plaintiff's proffered expert Jeffrey A. Silagy (ECF No. 48), whose expert witness report is attached to Plaintiff's motion for summary judgment (*see* ECF No. 46-15). Plaintiff has filed a response (ECF No. 49), Defendants have filed a reply (ECF No. 51), and the motion is before Judge Leitman.

(ECF No. 57.) Defendants have filed a response (ECF No. 60), Plaintiff has filed a reply (ECF No. 62), and the parties have filed a joint list of unresolved issues (ECF No. 63).

On May 30, 2024, I conducted an in person hearing, at which Attorneys Joseph J. Shannon, III, Rebecca El Badaoui, Joshua Vaughn, and Neil B. Pioch appeared. (*See* ECF No. 58.)

### D.   Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's March 12, 2024 motion (ECF No. 52) to strike Defendants' motion for summary judgment is **DENIED**. Specifically:

**1.     Vince Fera understood his obligations as a Rule 30(b)(6) witness.**

**2.     Fera was prepared to testify about the noticed topics.**  The focus of Plaintiff's motion was on the sales relationship topic (as opposed to the affirmative defenses topic), and Defendants convincingly have set forth multiple portions of Fera's deposition testimony to show he "was adequately prepared and fulfilled his Rule 30(b)(6) obligations on Topics One and Eight[,]" (ECF No. 60, PageID.2767-2769), and to show he "provided substantive testimony regarding what was known or reasonably available to Metal-Matic on Topics One and Eight[,]" (*id*.,

PageID.2769-2771). Moreover, the focus of Plaintiff's motion has been on preparation, and Rule 30(b)(6) does not say *when* the preparation must take place or what specific steps must be taken to prepare in any given case. The Court is satisfied that Fera took the steps he thought in good faith were necessary to be prepared and that he was, in fact, adequately prepared. In fact, when asked how much time he spent getting prepared for his deposition, Fera testified "[o]ver the course of the last two weeks, somewhere between probably 20 and 30 hours." (ECF No. 46-4, PageID.2029 [p. 141].) Fera has been involved in these proceedings from the inception of the pleadings and has spoken numerous times with other knowledgeable people about the underlying facts on which he was designated to testify. He also attended all depositions.

3. **Although Metal-Matic's Motion for Summary Judgment relies on declarations from Jones, Craig, and Jackson (ECF Nos. 47-2, 47-6, 47-7), Defendants' 30(b)(6) witnesses were not obligated to interview them.** Plaintiff did not take the depositions of Jones, Craig, or Jackson. Nor did Plaintiff file a motion to extend discovery or serve a related request to admit. Moreover, even if the declarations contradict Jackson and Fera's Rule 30(b)(6) testimony (ECF Nos. 46-4, 47-4) as to the most important issues in this case, a point Defendants' dispute (*see* ECF No. 60, PageID.2778-2782), there is no rule that – just because Rule 30(b)(6) testimony is given – contradictory evidence cannot be pointed out in

5

response. Although Plaintiff argues that Fera could not testify adequately about "the inception of the relationship" between the parties (a characterization used but not defined in no less than three deposition questions), there is a significant difference between the "inception of a relationship" – whatever that nebulous concept may entail – and the formation of a contract or legally significant commercial arrangement. (*See* ECF No. 46-4, PageID.2010, 2016.) In the end, it will be for Judge Leitman, when considering the pending cross-motions for summary judgment (ECF Nos. 46, 47), to determine the competency of the evidence offered by each side and determine whether the Rule 30(b)(6) testimony binds the corporation in such a manner as to make contrary evidence from other sources valueless here. And, if this case proceeds beyond summary judgment, it will be for the jury to determine the relative weight of contradictory evidence, after hearing the cross-examination and argument propounded by counsel.

**4.    R.V.M. has misinterpreted the Court's Orders and Instructions related to Fera's Deposition.** The Court's December 20, 2023 order (ECF No. 36) did not obligate Fera "to interview employees with personal knowledge of the subjects identified in the notice," and did not mandate that he contact witnesses (see ECF No. 63, PageID.2859); instead, the Court's order gave examples, namely, "*even if* he has to pick up the phone and call someone in preparation, *e.g.*, Jim Craig,

6

Manish Bhatt, etc., *or otherwise investigate*." (ECF No. 36, PageID.1770 (emphases added).)

**5.   R.V.M.'s Motion to Strike fails to identify a violation of this Court's orders, a violation of Rule 30(b)(6), or what the deponent failed to answer.** In fact, Plaintiff opted not to seek sanctions under Fed. R. Civ. P. 37(b) for violation of the Court's prior related orders, and Plaintiff's counsel stated at oral argument that Fera's testimony "was what it was" and that Plaintiff decided "to live with it" and not file another discovery motion. Notably, despite the attacks on it in the motion at bar, Plaintiff actually *relies* upon and attaches Fera's Rule 30(b)(6) testimony in support of its summary judgment motion, while simultaneously attacking this same witness for lack of investigation, preparation and knowledge. (ECF No. 46, PageID.1927-1929, 1931-1937, 1946; *see also* ECF No. 46-4.) Having elected "to live with" Fera's Rule 30(b)(6) testimony and use it in support of its own motion for summary judgment, Plaintiff can hardly use that same testimony and the witness's alleged lack of preparation as a basis to strike Defendant's summary judgment motion, particularly when motions to strike "'are viewed with disfavor and are not frequently granted.'" *Bommarito v. Equifax*, 340 F.R.D. 566, 568-569 (E.D. Mich. 2022) (quoting *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2025)).

7

**IT IS SO ORDERED.**[2]

Dated: June 4, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).